STATE OF OREGON,
*Appellant,*
*v.*
BENJAMIN O'DELL HENDON,
*Respondent.*
(No. 82-285-C-2, CA A24871)

STATE OF OREGON,
*Appellant,*
*v.*
PATRICK DEAN PATAPOFF,
*Respondent.*
(No. 82-295-C-1)

STATE OF OREGON,
*Appellant,*
*v.*
GLENN J. SCOTT,
*Respondent.*
(No. 82-303-C-2)

STATE OF OREGON,
*Appellant,*
*v.*
KENNETH LEE MATTZ, JR.,
*Respondent.*
(No. 82-292-C-2)

STATE OF OREGON,
*Appellant,*
*v.*
JAMES DALE PROCTOR,
*Respondent.*
(No. 82-296-C-2)

STATE OF OREGON,
*Appellant,*
*v.*
MARY ALICE PROCTOR,
*Respondent.*
(No. 82-300-C-2)


STATE OF OREGON,
*Appellant,*
*v.*
JEANETTE EBERHARDT,
*Respondent.*
(No. 82-279-C-3)


STATE OF OREGON,
*Appellant,*
*v.*
DONNA RAE GILLHAM,
*Respondent.*
(No. 82-282-C-2)


STATE OF OREGON,
*Appellant,*
*v.*
LLOYD OLEN GILLHAM,
*Respondent.*
(No. 82-283-C-2)


STATE OF OREGON,
*Appellant,*
*v.*
DIANE SUE MATTZ,
*Respondent.*
(No. 82-290-C-1, and 82-291-C-1)


STATE OF OREGON,
*Appellant,*
*v.*
GARY DENNIS WOOD,
*Respondent.*
(No. 82-307-C-3)

STATE OF OREGON,
*Appellant,*
*v.*
ANTONE FOLKINS,
*Respondent.*
(No. 82-280-C-2)
655 P2d 630

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

G. Philip Arnold, Jackson County Legal Services, Inc., Medford, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendants were charged with possession of food fish unlawfully transported under the laws of another state. ORS 509.105.[1] The state appeals a pre-trial order allowing defendants' motions to dismiss for lack of jurisdiction.

The state contends that the illegal "other state" transportations were violations of California Fish and Game Code § 8685.6. Defendants contend that California law does not apply to them or to any fish caught by them on the Hoopa Valley Indian Reservation, no matter where the fish are subsequently possessed or transported by them, because their fishing activities are subject to the federal Supremacy Clause and pre-emptive regulations of the federal government; specifically, regulations promulgated by the Secretary of the Interior.[2] The trial court accepted defendants' contention. Its order of dismissal provides, in material part:

"Based on the stipulations of counsel, the pleadings, the memoranda filed herein, and the arguments of counsel, the Court finds that actions of the defendants in catching fish on the Hoopa Valley Indian Reservation and the transportation of said fish after being caught are matters subject to exclusive federal jurisdiction pursuant to 25 CFR Part 258. California law does not apply to said persons or actions and thus, without California ('another state') jurisdiction, there is no jurisdiction of this Court pursuant to ORS 509.105.

"It is thereby ordered that these cases are hereby dismissed for lack of jurisdiction."

The trial court confused matters of jurisdiction with matters of defense. *See State v. Smith,* 51 Or App 223, 227, 625 P2d 1321, *rev den* 291 Or 118 (1981).

Reversed and remanded for trial.

---

[1] ORS 509.105 provides:

"It is unlawful to possess, import into this state or transport within this state any food fish which have been unlawfully taken or transported under the laws of another state."

[2] It was stipulated in the trial court that all defendants were Indians meeting the requirements of 25 CFR § 258.5.